UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD A.H. SIEDLE,

    Plaintiff,

vs.

Civil Action No. 8:02 CV 1067-T-23 TBM

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. ("NASD"), by and through its undersigned counsel, hereby removes this action to this Court from the Circuit Court in and for Hillsborough County, Florida, in which it is now pending, pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 1441 and 1446.

1.    Plaintiff Edward A.H. Siedle ("Plaintiff") sued NASD in the Circuit Court for Hillsborough County, Florida, Civil Division, Case No. 02-04303, Division F. The complaint purports to allege two counts for Declaratory Judgment, a count for "Temporary Injunctive Relief" and a count for "Permanent Injunctive Relief." A true and correct copy of the complete file provided by the Court from the Circuit Court in and for Hillsborough County, Florida is attached as **Exhibit A**.

2.    Plaintiff's counsel sent a courtesy copy of the summons, accompanied by an incomplete copy of the complaint, to NASD Regulation, Inc., a subsidiary of NASD, by

TPA#1766000.01
SFRLIB1\CBO\6178215.01

Federal Express on May 15, 2002, but NASD has not yet been formally served with the summons or the complaint.

3. Plaintiff seeks a declaration from the Court that Plaintiff is entitled to publish *The Siedle Directory* "without interference from NASD." Complaint, ¶ 55, 59, and Counts I and II generally. Plaintiff also seeks orders from the Court temporarily and permanently enjoining NASD from interfering with his continued copying from a web site protected by copyright for his publication of *The Siedle Directory*. Complaint, Counts III and IV. According to allegations in the Complaint, *The Siedle Directory* contains content that Plaintiff copied from "the Central Registration Depository ("CRD") that serves as a source for NASD's Public Disclosure Program ("PDP") through its website." Complaint, ¶ 11. Also as alleged in the Complaint, the CRD and PDP contain various types of content compiled by NASD and/or its subsidiary, which are maintained pursuant to the statutory mandate of 15 U.S.C. section 780-3(I) and Interpretive Material 8310-2, and are administered with the oversight of the United States Securities and Exchange Commission ("SEC"). Complaint, ¶¶ 14-16.

4. Federal causes of action under Federal securities and copyright laws appear on the face of the complaint, although Plaintiff does not label them as federal causes of action. In addition, diversity jurisdiction exists. Accordingly, NASD removes this lawsuit because Plaintiff's claims arise under federal law, require resolution of questions that are entirely federal in character, and on the grounds of diversity.

5. The intent of Congress to regulate a field of law cannot be avoided by artful pleading. *See Chicago & N. W. Transportation Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311,

324 (1981); *Hawkins v. National Association of Securities Dealers, Inc.*, 149 F.3d 330, 331-32 (5th Cir. 1998); *Sparta Surgical Corp. v. National Association of Securities Dealers, Inc.*, 159 F.3d 1209, 1211-12 (9th Cir. 1998). Because the complaint seeks relief based upon NASD's purported violation of its statutory mandate under the Securities Exchange Act of 1934 ("Exchange Act"), and the rules promulgated thereunder, this Court has federal question jurisdiction under the Exchange Act, which provides in pertinent part: "The district courts of the United States…shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa. The Supreme Court has held that this section "confers exclusive jurisdiction upon the federal courts for suits brought to enforce the Act or rules and regulations promulgated thereunder." *Matsushita Electric Industrial Co. v. Epstein*, 516 U.S. 367, 370 (1996). Plaintiff's cause of action is based on NASD's actions and rules to manage and control its Public Disclosure Program, which Plaintiff alleges was established and is maintained under the statutory mandate of the Exchange Act, 15 U.S.C. § 78o-3(i). Complaint, ¶¶ 14-16. Because the Complaint alleges violation of the implementation of rules enacted and actions taken pursuant to federal securities law, and because federal securities law is governed exclusively by federal courts pursuant to 15 U.S.C. § 78aa, Plaintiff's claims constitute federal claims.

6. This Court has jurisdiction under 28 U.S.C. § 1338(a), which grants exclusive jurisdiction to federal courts for any civil action "arising under" any Act of Congress relating to copyrights. In the Eleventh Circuit, an action "arises under" the Copyright Act if the

complaint seeks a remedy expressly granted by the Copyright Act, such as a suit for infringement, if the complaint asserts a claim requiring construction of the Act, or if the claim presents a case where a distinctive policy of the Act requires application of federal law. *MCA Television Ltd. v. Public Interest Corp.*, 171 F.3d 1265, 1269-1270 (11th. Cir. 1999). The web site content that Plaintiff admittedly copies (Complaint, ¶ 33), and for which Plaintiff seeks a declaration that his continued copying and republishing is permissible, is protected by copyright, as stated on the web site at www.nasdr.com, to which Plaintiff refers in his complaint. Complaint, ¶ 23. By asking the Court to declare that he is free to copy works protected by copyright in *The Siedle Directory* and by asking the Court to enjoin NASD from protecting its copyright interests, Plaintiff is asking for a construction of the Copyright Act and a determination of whether Plaintiff's actions are lawful, which gives this Court exclusive jurisdiction over the claim pursuant to 28 U.S.C. § 1338(a).

7. This Court has jurisdiction over any state claims not incorporated in the above federal question claims under supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, since any such claims relate to claims within the court's original jurisdiction such that they form the same case or controversy.

8. Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332 on the grounds of diversity. Plaintiff alleges that he is an individual residing in the state of Florida. Complaint, ¶ 2. NASD is a corporation duly organized under the laws of the state of Delaware, with its principal place of business in Washington, D.C. The amount in controversy exceeds $75,000 because, although plaintiff seeks injunctive and declaratory relief, the value of the object of the litigation from Plaintiff's perspective purports to exceed

$75,000. *Cohen v. Office Depot, Inc.*, 204 F.3d 1067, 1077 (11th Cir. 2000). Plaintiff alleges that he had been in negotiations with two publishers to publish *The Siedle Directory* and that he now is publishing *The Siedle Directory* himself. Complaint, ¶ 47-48. NASD alleges, on information and belief, that Plaintiff currently is offering *The Siedle Directory* for sale via the Internet for $850.00 per copy and, as a result, the value to Plaintiff of Plaintiff's sales exceeds the amount in controversy even if Plaintiff sells fewer than 90 copies of *The Siedle Directory*. As a result, because Plaintiff and NASD are citizens of different states and because the amount in controversy purports to exceed $75,000, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

9. This notice of removal is timely and proper because it is being filed within thirty days after NASD first received the summons and an incomplete copy of the complaint, pursuant to 28 U.S.C. § 1446(b), although the summons and complaint have not yet been formally served. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1441(a) because the Circuit Court for Hillsborough County, in which this action was filed, is within this federal district. Defendant has fulfilled its duties under 28 U.S.C. § 1446 and Local Rule 4.02(b) by submitting copies of all process, pleadings, orders, papers and exhibits served on

it or on file in the Florida state action as exhibits to this notice of removal.

Respectfully submitted,

_____C. _____

Carla B. Oakley (Trial Counsel)
California Bar No. 130092
Brobeck, Phleger & Harrison LLP
One Market, Spear Tower
San Francisco, CA 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1010

and

Mark A. Brown
Florida Bar Number 316210
Marty J. Solomon
Florida Bar Number 0523151
CARLTON FIELDS, P.A.
One Harbour Place
777 South Harbour Island Drive (33602)
P.O. Box 3239
Tampa, Florida 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was furnished to John Calhoun Bales, Esq. and Craig P. Clendinen, Esq., P.O. Box 172179, Tampa, Florida 33672-0179, by U.S. Mail, this 14th day of June, 2002.

_____C. _____
Attorney

Form 1.997
Civil Cover Sheet

The civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)

I. CASE STYLE     CIRCUIT COURT, HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Plaintiff     EDWARD A.H. SIEDLE,

Case #   02 04303
Judge

Defendant     NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

DIVISION F

II. TYPE OF CASE (Place an X in one box only. If the case fits more than one type of case, select the most definitive).

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ___ Simplified Dissolution | ___ Professional Malpractice | ___ Contracts |
| ___ Dissolution | ___ Products Liability | ___ Condominium |
| ___ Support – IV-D | ___ Auto Negligence | ___ Real Property/ Mortgage Foreclosure |
| ___ Support – Non IV-D | ___ Other Negligence | ___ Eminent Domain |
| ___ URESA – IV-D | | _X_ Other |
| ___ URESA – Non IV-D | Specific Case Type | |
| ___ Domestic Violence | ___ (Per Administrative Order 86-44) | |
| ___ Other domestic relations | | |

III. IS JURY TRIAL DEMANDED IN COMPLAINT?

    _X_ Yes     ___ No

DATE:   5/10/02     SIGNATURE OF ATTORNEY FOR
PARTY INITIATING ACTION

ATTORNEY'S SPN NUMBER: [if applicable]